Shemia Fagan, OSB No. 093476
Email: sfagan@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
308 SW First Avenue, Suite 325
Portland, OR 97204
Telephone: (503) 482-8546
Facsimile: (503) 345-0806

*Attorneys for Plaintiffs Brienna Williamson, Clarissa Grimm and Briauna Rodrigues*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **BRIENNA WILLIAMSON; CLARISSA GRIMM; BRIAUNA RODRIGUES,**<br><br>Plaintiffs,<br><br>v.<br><br>**VPS INC.,**<br><br>Defendant. | Case No._____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES – Failure to Pay Wages (ORS 652.200); Fair Labor Standards Act – Failure to Pay Wages (29 U.S.C. § 216); Failure to Pay Wages on Termination of Employment (ORS 652.150); Fair Labor Standards Act – Collective Action Allegations (29 U.S.C. §216)**<br><br>**COLLECTIVE ACTION**<br><br>**JURY DEMAND** |

Plaintiffs, by and through their undersigned counsel, on their own behalf and on behalf of all other similarly situated persons, bring the following claims against Defendant as a nationwide collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and

Page 1 – COMPLAINT

specifically the collective action provision, 29 U.S.C. §216(b). For this Complaint, Plaintiffs alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiffs' claims for unpaid wages and penalties pursuant to the Fair Labor Standards Act (29 CFR §785.35 "FLSA"), and 28 U.S.C. §§1331. This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 42 U.S.C. §1367 as the state claims arise from the same nucleus of operative facts as the federal claims. Venue is proper within the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiffs' claims arose in this judicial district.

## PARTIES

2.      Plaintiff Brienna Williamson ("Plaintiff Williamson"), an individual, is a resident of Redmond, Deschutes County, Oregon.

3.      Clarissa Grimm ("Plaintiff Grimm"), an individual, is a resident of Redmond, Deschutes County, Oregon.

4.      Briauna Rodrigues ("Plaintiff Rodrigues"), an individual, is a resident of Redmond, Deschutes County, Oregon.

5.      Defendant VPS Inc. ("VPS") is an Oregon corporation with its principal place of business in Medford, Jackson County, Oregon.

## FACTUAL ALLEGATIONS SPECIFIC TO WILLIAMSON, GRIMM, AND RODRIGUES

6.      VPS was and is at all times herein mentioned an Oregon corporation with a principal place of business in Deschutes County, Oregon.

Page 2 – COMPLAINT

7.      At all material times, VPS was an "employer" within the meaning of ORS Chapter 652 and 29 U.S.C. §216.

8.      At all material times, Nancy Beard ("Supervisor Beard") was a supervisor for VPS with authority to hire and fire employees, determine their pay, and responsibility for maintaining employee records.

9.      At all material times herein, Plaintiffs were employees within the meaning of ORS Chapter 652 and 29 U.S.C. §216.

10.     Plaintiff Williamson was employed by VPS from February 2015 through February 2016.

11.     Plaintiff Grimm was employed by Defendant from October 2015 to December 2015.

12.     Plaintiff Rodrigues was employed by Defendant from September 2015 to November 2015.

13.     Plaintiffs were domestic hourly employees entitled to a minimum of thirty (30) minutes for an uninterrupted meal break for every 6 hours worked.

14.     VPS recorded Plaintiffs' unpaid meal breaks on their time cards, and did not pay Plaintiffs for their 30-minute meal breaks.

15.     However, Supervisor Beard, as well as other supervisors for VPS, frequently interrupted Plaintiffs' 30 minute unpaid meal breaks, forcing Plaintiffs to perform work on behalf of VPS during those breaks.

16.     VPS did not pay Plaintiffs for the time they worked during their interrupted meal breaks.

Page 3 – COMPLAINT

17.     On or about June 2, 2016, Plaintiffs, through their attorney, sent a written demand for wages to VPS, including the estimated amount of wages alleged to be owed.

18.     VPS failed to pay Plaintiffs their wages after receipt of Plaintiffs' written demand for payment.

## CLASS ACTION ALLEGATIONS

19.     Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs.

20.     Plaintiffs filed this action on behalf of themselves and all similarly situated individuals. Pursuant to 29 U.S.C. §216(b), Plaintiffs' signed consent forms are attached as Exhibit A.

21.     The class of similarly situated individuals is defined as follows:

All persons who are, have been, or will be employed by Defendant at its Jack in the Box restaurants, at any time from three (3) years prior to the filing of this complaint through the entry of judgment, as non-exempt, hourly domestic service employees.

22.     At all material times, Defendant, through its agents, operated a willful scheme to deprive its employees of wages four hours worked, overtime compensation, and full thirty (30) minute meal breaks as required by law.

23.     Plaintiffs and other putative class members were systematically denied full compensation for all their hours worked including, but not limited to payment of regular and overtime wages.

24.     Plaintiffs and putative class members were economically dependent on Defendant and performed work integral to Defendant's business.

Page 4 – COMPLAINT

25.     Defendant was aware, or should have been aware, that Plaintiffs in putative class members performed work during their unpaid meal breaks.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Wages (ORS 652.200)
### (On Behalf of Plaintiffs Williamson, Grimm, and Rodrigues)

26.     Plaintiffs reallege and incorporate paragraphs 1 through 25 as though fully set forth herein.

27.     VPS willfully failed to compensate Plaintiffs for all hours worked for the benefit of VPS.

28.     Plaintiffs are entitled to be paid their unpaid wages and penalties that have accrued since their respective resignation dates.

29.     On or about June 2, 2016, before filing this action, Plaintiffs' attorney gave VPS reasonable written notice of Plaintiffs' wage claims.

30.     Plaintiffs are entitled to payment of their unpaid wages in an amount to be determined at trial, which is alleged to be $3,040.88.

31.     Plaintiffs are entitled to payment of penalty wages from VPS for the maximum thirty (30) day period provided by ORS 652.150, which is alleged to be in the amount of $8,880.

32.     Plaintiffs are entitled to recover their costs and attorneys' fees pursuant to ORS 652.200.

### SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Wages (29 U.S.C. § 216)
### (On behalf of Representative Plaintiffs and the Class v. Defendant)

33.     Plaintiffs, on behalf of themselves and all similarly situated individuals, restate

Page 5 – COMPLAINT

and incorporate by reference the above paragraphs.

34.    Defendant regularly engages in commerce and its employees engage in interstate commerce.

35.    VPS' actions were willful and/or showed a reckless disregard for the provisions of the Fair Labor Standards Act ("FLSA").  This is evidenced by VPS' failure to compensate Plaintiffs and putative class members at their regular or overtime rates for the time they spent working for the benefits of VPS, despite the fact that VPS knew, or should have known, that compensation was due to Plaintiffs.

36.    VPS failed to properly disclose or apprise Plaintiffs and putative class members of their rights under the FLSA.

37.    Due to VPS' unlawful conduct, Plaintiffs and putative class members have lost wages in an amount to be proven at trial.

38.    Due to the willful and unlawful acts of VPS, Plaintiffs are also entitled to liquidated damages in an amount equal to the award of wages.

39.    Plaintiffs are entitled to recover their costs and attorneys' fees pursuant to 29 U.S.C. §216(b).

### THIRD CAUSE OF ACTION
### Failure to Pay Wages on Termination of Employment (ORS 652.150)
### (On behalf of Plaintiff Williamson)

40.    Plaintiff Williamson realleges and incorporates paragraphs 1 through 39 as though fully set forth herein.

41.    Plaintiff Williamson was employed by VPS from February 2015 until her resignation in February 2016.

Page 6 – COMPLAINT

42.     VPS willfully failed to pay Plaintiff Williamson all wages due and owing by the time required in ORS 652.140.

43.     On or about June 2, 2016, Plaintiff Williamson, through her attorney, sent a letter to VPS with an estimate of wages owed and/or sufficient facts for VPS to determine what amount was due.

44.     VPS willfully failed to pay Plaintiff Williamson all wages due and owing within twelve (12) days of the written notice sent on June 2, 2016.

45.     Plaintiff Williamson is entitled to be paid her unpaid wages and penalties that have accrued since February 2015.

46.     On or about June 2, 2016, before filing this action, Plaintiff Williamson's attorney gave VPS reasonable written notice of Plaintiff Williamson's wage claim.

47.     Plaintiff Williamson is entitled to payment of her unpaid wages in an amount to be determined at trial, which is alleged to be $1,165.50.

48.     Plaintiff Williamson is entitled to payment of penalty wages from VPS for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $2,220.

49.     Plaintiff Williamson is entitled to recover her costs and attorneys' fees pursuant to ORS 652.200.

### FOURTH CAUSE OF ACTION
### Failure to Pay Wages on Termination of Employment (ORS 652.150)
### (On behalf of Plaintiff Grimm)

50.     Plaintiff Grimm realleges and incorporates paragraphs 1 through 39 as though fully set forth herein.

51.     Plaintiff Grimm was employed by Defendant from October 2015 until her

Page 7 – COMPLAINT

resignation in December 2015.

52.    VPS willfully failed to pay Plaintiff Grimm all wages due and owing by the time required in ORS 652.140.

53.    On or about June 2, 2016, Plaintiff Grimm, through her attorney, sent a letter to VPS with an estimate of wages owed and/or sufficient facts for VPS to determine what amount was due.

54.    VPS willfully failed to pay Plaintiff Grimm all wages due and owing within twelve (12) days of the written notice sent on June 2, 2016.

55.    Plaintiff Grimm is entitled to be paid her unpaid wages and penalties that have accrued since October 2015.

56.    On or about June 2, 2016, before filing this action, Plaintiff Grimm's attorney gave VPS reasonable written notice of Plaintiff Grimm's wage claim.

57.    Plaintiff Grimm is entitled to payment of her unpaid wages in an amount to be determined at trial, which is alleged to be $180.38.

58.    Plaintiff Grimm is entitled to payment of penalty wages from Defendant for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $2,220.

59.    Plaintiff Grimm is entitled to recover her costs and attorneys' fees pursuant to ORS 652.200.

## FIFTH CAUSE OF ACTION
### Failure to Pay Wages on Termination of Employment (ORS 652.150)
### (On behalf of Plaintiff Rodrigues)

60.    Plaintiff Rodrigues realleges and incorporates paragraphs 1 through 39 as though fully set forth herein.

Page 8 – COMPLAINT

61.     Plaintiff Rodrigues was employed by VPS from September 2015 until her resignation in November 2015.

62.     VPS willfully failed to pay Plaintiff Rodrigues all wages due and owing by the time required in ORS 652.140.

63.     On or about June 2, 2016, Plaintiff Rodrigues, through her attorney, sent a letter to VPS with an estimate of wages owed and/or sufficient facts for Defendant to determine what amount was due.

64.     VPS willfully failed to pay Plaintiff Rodrigues all wages due and owing within twelve (12) days of the written notice sent June 2, 2016.

65.     Plaintiff Rodrigues is entitled to be paid her unpaid wages and penalties that have accrued since September 2015.

66.     On or about June 2, 2016, before filing this action, Plaintiff Rodrigues' attorney gave VPS reasonable written notice of Plaintiff Rodrigues' wage claim.

67.     Plaintiff Rodrigues is entitled to payment of her unpaid wages in an amount to be determined at trial, which is alleged to be $277.50.

68.     Plaintiff Rodrigues is entitled to payment of penalty wages from VPS for the maximum thirty (30) day period provided by ORS 652.150 in the amount of $2,220.

69.     Plaintiff Rodrigues is entitled to recover her costs and attorneys' fees pursuant to ORS 652.200.

### SIXTH CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Overtime (29 U.S.C. §207)
### (On Behalf of Representative Plaintiffs and Those Similarly Situated)

70.     Plaintiffs, on behalf of themselves and all similarly situated individuals, restate

Page 9 – COMPLAINT

HKM EMPLOYMENT ATTORNEYS LLP
308 SW FIRST AVENUE, SUITE 325
PORTLAND, OR 97204
(503) 482-8546

and incorporate by reference the above paragraphs.

71.     Defendant regularly engages in commerce and its employees engage in interstate commerce.

72.     During Plaintiffs' employment with VPS, Plaintiffs and the putative class members were non-exempt, hourly domestic service employees covered by FLSA, legally entitled to be compensated for time worked during interrupted meal breaks.

73.     Defendant deprived Plaintiffs and the putative class members from uninterrupted meal breaks when Defendant, through its agents, directed and/or allowed Plaintiffs and the putative class members to work off-the-clock during their unpaid meal breaks.

74.     Plaintiffs should be compensated at their overtime rate for time worked during interrupted meal breaks, as required by the FLSA and Oregon law.

75.     Plaintiffs, and those similarly situated, are entitled to recover their costs and attorneys' fees.

## JURY TRIAL DEMAND

76.     Plaintiffs demand a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request the Court to:

1.     Assume jurisdiction over each of the causes set forth herein.

2.     Certify this case as a collective action under 29 U.S.C. §216(b);

3.     Declare that Defendant is financially responsible for notifying all Class Members of Defendant's wage and hour violations.

Page 10 – COMPLAINT

4.      Grant a permanent injunction enjoining Defendant, its officers, successors, agents, assigns and all other persons in active concert or participation with Defendant, from engaging in the unlawful conduct alleged herein.

5.      Appoint plaintiffs as representatives of the Class.

6.      Appoint the undersigned counsel as counsel for the Class.

7.      Declare that Defendants actions complained of herein violate the FLSA.

8.      Award plaintiffs and the class reasonable attorneys' fees and costs (including for experts).

9.      Order VPS to create, implement and carry out policies, practices and programs providing for equal employment opportunities which affirmatively eradicate the effects of past and present unlawful employment practices, on such terms as the Court may direct.

10.     Award Plaintiffs and the Class Members compensatory and liquidated damages.

///

///

///

///

///

///

///

///

///

///

Page 11 – COMPLAINT

11.     Order Defendant to make Plaintiffs and the other Class Members whole by providing appropriate prejudgment interest, in an amount to be determined at trial and other affirmative relief necessary to eradicate the effects of the unlawful practices set forth herein.

12.     Grant leave to add additional Plaintiffs and/or state law claims by motion the filing or written consent forms, or any other method approved by the Court.

**DATED:**  November 10, 2016.

                                            HKM EMPLOYMENT ATTORNEYS LLP


                                            By: *s/ Shemia Fagan*_____
                                                 Shemia Fagan, OSB No. 093476
                                                 Email: sfagan@hkm.com
                                                 308 SW First Avenue, Suite 325
                                                 Portland, OR 97204
                                                 Telephone: 503-400-7423
                                                 Facsimile: 503-345-0806

                                                 *Attorneys for Plaintiffs Brienna Williamson,*
                                                 *Clarissa Grimm and Briauna Rodrigues*

Page 12 – COMPLAINT